UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JERMAR R. MCDANIEL,                 :    10 Civ. 9177 (DLC)(JCF)
                Petitioner,         :    11 Civ. 0046 (DLC)(JCF)
                                    :
           -v-                      :    OPINION AND ORDER
                                    :
T. LAVALLEY,                        :
                Respondent.         :
                                    :
------------------------------------ X

APPEARANCES:

For petitioner:
Jermar R. McDaniel, proceeding pro se
# 05-A-2486
Elmira Correctional Facility
P.O. Box 500
New York, NY 14902-0500

For respondent:
Kayonia Latisha Whetstone
Assistant District Attorney
Bronx District Attorney Office
198 East 161st Street
Bronx, NY 10451

DENISE COTE, District Judge:

    Jermar McDaniel ("McDaniel") brings this timely filed pro
se petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254, challenging his conviction following a jury trial on the
charge of robbery in the first degree.  The petition was
referred to the Honorable James C. Francis IV for a report and
recommendation (the "Report") on December 21, 2010.  The Report
was filed on September 1, 2011, and recommends that the petition

1

be denied.  McDaniel made a limited objection to the Report
which did not address the grounds for the dismissal of his
claims, in a letter dated September 13 and received on September
19 (the "September 13 Letter").  For the following reasons, the
Report is adopted and the petition is denied.


BACKGROUND

I.   The Robbery and Arrest

The facts relevant to the petition are set out in detail in
the Report and are summarized here.  On March 15, 2003, Mervia
Wilson ("Wilson") was on her way to school at the Baychester
Avenue subway station ("Subway Station").  On the Subway Station
stairway, a man -- whom she identified at trial as McDaniel --
stopped approximately one foot in front of her, put a hand
around her neck, the other "under the arm like," and said, "give
me the blood clot money else I'm going to kill you."  Wilson,
fearing McDaniel had a gun, gave him all of her money,
approximately fifty dollars.  He then released her and fled from
the station.

Immediately thereafter, Wilson reported the incident to two
police officers in the Subway Station.  She gave Officer Samuel
Garcia ("Garcia") a physical description of the assailant.
Wilson later spoke with Detective Michael Connelly ("Connelly"),
who told Wilson to call him if she saw the robber again.

On April 2, Wilson was at a delicatessen near the Subway Station when a man said to her, "I know you from someplace." Wilson asked where he knew her from, but the man did not respond.  She then became nervous, recognizing him as the robber.  She left the delicatessen without incident and went to school, where she took an exam.

On April 3, Wilson called Detective Connelly and reported seeing the robber at the delicatessen.  While speaking with the detective on her cell phone, Wilson arrived at a gas station near the Subway Station and spotted McDaniel, again recognizing him as the robber.  When Detective Connelly arrived at the gas station, McDaniel was seated in the backseat of a car.  The detective removed him from the car at gunpoint and handcuffed him.  Detective Connelly testified at trial that while being handcuffed, McDaniel stated, in substance, "This has nothing to do with marijuana.  It must have been something that happened at the train station" (the "Statement").

II.  Pre-Trial Proceedings, Trial, and Sentencing

McDaniel was indicted in 2003 and charged with first degree robbery, N.Y. Penal L. § 160.15; third degree robbery, N.Y. Penal L. § 160.05; fourth degree grand larceny, N.Y. Penal L. § 155.30(5); and fifth degree criminal possession of stolen property, N.Y. Penal L. § 165.40.  On April 12, 2005 a Huntley hearing was held before Justice Robert Seewald, New York State

3

Supreme Court Judge in New York County, to determine whether the Statement was admissible at trial.[1]  At the hearing, McDaniel disputed the State's contention that he made the Statement at the time of the arrest, arguing that he had made the Statement at the "transit authority precinct" after the officers had found marijuana in his pockets and held him for over five hours without telling him why he had been arrested.  Justice Seewald denied the suppression motion.

McDaniel's trial took place on April 18, 2005.  The prosecution presented testimony from Wilson, Connelly, and Garcia.  During her testimony, Wilson identified McDaniel as the man who robbed her and the man she saw at both the delicatessen and the gas station.  Wilson testified about the placement of McDaniel's arms when he had threatened to kill her during the robbery, and stated that she "thought he had a gun under his coat" and "was going to shoot [her]."

On cross-examination, defense counsel highlighted the discrepancies between McDaniel's appearance and the descriptions of the robber given by Wilson and recorded by Garcia on the day of the robbery.  Defense counsel also attempted to cast doubt on Wilson's identification by suggesting that she did not

---

[1]    At a <u>Huntley</u> hearing, the court determines, prior to a jury trial, whether a defendant's allegedly incriminating statement is admissible at trial.  <u>People v. Huntley</u>, 15 N.Y.2d 72, 78 (1965).

immediately call the police after her encounter with the man in the delicatessen because she was not sure about her identification.  The prosecution offered explanations for the discrepancies and for Wilson's delay in speaking with Connelly.

Without objection from defense counsel, Justice Seewald dismissed all charges against McDaniel except the charge of first degree robbery.  Defense counsel then requested that the court submit a petit larceny instruction to the jury on the ground that the jury could reasonably find the defendant had committed the robbery without force.  Justice Seewald said that he believed "either the identification . . . is of the right man or it's not. Either it's a robbery or it's nothing."  Defense counsel agreed with the court, noting that "[t]he entire case is an identification at this point."  Accordingly, only first degree robbery was submitted to the jury.

During summation, the prosecutor characterized McDaniel as a "robber of women who are going to work"; noted that McDaniel "took advantage of a working wom[a]n, but he took advantage of the wrong working woman"; asked the jury, "now, what are you to do about it?"; and stated, "robbing women in the morning on their way to work is about as serious as you can get."  Defense counsel did not object to these statements.

The court specifically instructed the jury to consider only the crime charged.  The jury found McDaniel guilty of robbery in

the first degree.  On May 2, 2005, Justice Seewald sentenced the

petitioner as a mandatory persistent violent felony offender to

a minimum of 20 years and a maximum of life imprisonment.

III. Subsequent Proceedings

McDaniel, proceeding pro se, filed a motion to vacate the

judgment pursuant to New York Criminal Procedure Law § 440.10

("440.10 Motion") on May 7.  In the 440.10 Motion, McDaniel

contended that

> Rosario Material[2] being withheld, pertaining to an oral
> statement not presented in court, the jury requested
> to see such evidence, and the evidence was not
> available, and there were also certain inconsistancies
> [sic], in the [c]omplaining witness testimony and also
> inconsistancies [sic] made by the arresting [o]fficer
> testimony which have proven him to have committed
> perjury and the court allowed the trial to continue.

On October 28, the Bronx County Supreme Court denied the 440.10

Motion, finding that McDaniel had failed to prove that the

allegedly withheld materials actually existed.  The court also

found that, even if the petitioner had proven the existence of

Rosario materials, he failed to show that excluding such

materials had any impact on the outcome of his trial,

considering the eyewitness identification and the Statement.

McDaniel, represented by new counsel, appealed his

---

[2]     The Court of Appeals found in People v. Rosario, 9 N.Y.2d
286 (1961), that under New York state law, a prosecutor has a
duty "to give defense counsel all pretrial statements of
prosecution witnesses." Boyette v. Lefevre, 246 F.3d 76, 85 n.5
(2d Cir. 2001).

conviction and sentence to the Appellate Division, First
Department in September 2007.  His grounds for appeal were (1)
his conviction was against the weight of the evidence; (2) the
prosecution's prejudicial statements during its summation
violated his right to Due Process; (3) there was insufficient
evidence of the display element of first degree robbery
("Display Element");[3] (4) the trial court erred in declining to
submit the charge of petit larceny to the jury; and (5)
ineffective assistance of counsel because his trial attorney (a)
failed to preserve a meritorious argument regarding the
insufficiency of the evidence to prove the Display Element and
(b) made the "wrong argument" for including the petit larceny
count in the jury charge.

On September 9, 2008, the Appellate Division affirmed
McDaniel's conviction and sentence.  People v. McDaniel, 863
N.Y.S.2d 210 (1st Dep't 2008).  The court found that "[t]he
verdict was based on legally sufficient evidence and was not
against the weight of the evidence," and "[t]he People proved
beyond a reasonable doubt that defendant displayed what appeared
to be a firearm."  Id. at 211.  The court also found the
"[d]efendant's challenges to the prosecutor's summation and the

---

[3]     In order to be found guilty of first degree robbery under
New York Penal Law § 160.15, one must, when forcibly removing
property from another, "display[] what appears to be a . . .
firearm."

court's failure to charge a lesser included offense" to be
unpreserved and held in the alternative that there was no basis
to reverse the Supreme Court's findings.  <u>Id.</u>  Finally, the
court held that the defendant's representation was effective by
both state and federal standards.  <u>Id.</u>  In a dissenting opinion,
Justices Saxe and Catterson argued that the court should have at
least reduced the defendant's conviction from first to third-
degree robbery, which does not require the Display Element,
because the prosecution failed to produce sufficient evidence of
the Display Element, pointing specifically to the lack of
factual assertions in the victim's testimony.  <u>Id.</u> at 211-212
(Catterson, J., dissenting).

On October 22, 2008, McDaniel moved for leave to appeal to
the New York Court of Appeals pursuant to Criminal Procedure Law
§ 460.20(2)(a)(ii), (3)(a).  In his memorandum of law in support
of the motion, McDaniel asserted that the Appellate Division
erred in using a subjective rather than objective standard to
determine whether the prosecution submitted sufficient evidence
to prove the Display Element.  The memorandum references "the
other arguments presented in appellant's briefs in this Court"
and includes a footnote reasserting his ineffective assistance
of counsel claims.  On February 26, 2009, McDaniel was granted
permission to appeal to the Court of Appeals.

McDaniel's letter pursuant to Rule 500.11 of the New York

8

Court of Appeals Rules of Practice ("500.11 Letter") presented
two arguments.  First, that his trial counsel's failure to
preserve the argument that there was insufficient evidence to
prove the Display Element of first degree robbery amounted to
ineffective assistance of counsel.  Second, that the Appellate
Division erred in relying on comments by defense counsel to find
the evidence sufficient to sustain a conviction.  On September
4, 2009, the Court of Appeals, addressing only McDaniel's
ineffective assistance of counsel claim, found it "meritless."
People v. McDaniel, 13 N.Y.3d 751, 752 (2009).

McDaniel filed these two federal pro se habeas petitions,
as separate actions, on December 8 and 9, 2010.  On February 14,
2011, McDaniel filed a memorandum of law in support of his
petition in the action with docket number 10 Civ. 9177.
Together, these filings challenge his conviction on seven
grounds: (1) he was denied effective assistance of counsel; (2)
the trial court improperly declined to submit the lesser-
included offense of petit larceny to a jury; (3) prejudicial
statements made by the prosecution violated his rights under the
Due Process Clause of the Fourteenth Amendment; (4) the
prosecution failed to turn over Rosario materials; (5) the
evidence was insufficient to show the Display Element; (6) his
conviction was against the weight of the evidence; and (7) the
Appellate Division erred in using a "subjective" standard to

9

support the Display Element.

On April 26, the respondent filed its opposition to McDaniel's petition.  After McDaniel's reply was not received on its first due date of May 27, he was given two extensions of time to file a reply.  His last deadline passed on August 31, and no reply was received.  On September 1, 2011, Magistrate Judge Francis filed his Report.  McDaniel's request, dated August 29 but received by Magistrate Judge Francis on September 7, seeking a third extension of time to file a reply, was denied as moot.  In McDaniel's September 13 Letter, he objects to the dismissal of the claims found in the Report to be unexhausted, and requests permission to withdraw his petition so that he could exhaust those claims.


DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  <u>Wingate v. Bloomberg</u>, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation omitted).  <u>De novo</u> review is required before a district court can adopt those portions of a

report to which a petitioner has objected.  28 U.S.C. §
636(b)(1)(C).

    The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the
standard under which federal courts review § 2254 petitions
where the state court has reached the merits of the federal
claim.  Habeas relief may not be granted unless the state
court's decision was "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined
by the Supreme Court of the United States" or "was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  28 U.S.C. §§
2254(d)(1), (d)(2).  State court factual findings "shall be
presumed to be correct" and the petitioner "shall have the
burden of rebutting the presumption of correctness by clear and
convincing evidence."  28 U.S.C. § 2254(e)(1).  The Report
accurately states the governing AEDPA standard, and it is
incorporated here.

I.   Procedural Default

    AEDPA provides that federal courts may not grant a petition
for habeas corpus unless "the applicant has exhausted the
remedies available in the courts of the state" or "there is an
absence of available State corrective process."  28 U.S.C. §§
2254(B)(1)(A), (B)(i).  "Exhaustion of state remedies requires

that a petitioner fairly present federal claims to the state
courts in order to give the state the opportunity to pass upon
and correct alleged violations of its prisoners' federal
rights." Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)
(citation omitted).  "In order to have fairly presented his
federal claim to the state courts the petitioner must have
informed the state court of both the factual and the legal
premises of the claim he asserts in federal court." Daye v.
Attorney Gen., 696 F.2d 186, 191 (2d Cir. 1982) (en banc).
While a state petitioner is not required to cite "chapter and
verse of the Constitution" to satisfy this requirement, he must
present his challenge "in terms that are likely to alert the
state courts to the claim's federal nature." Carvajal, 633 F.3d
at 104 (citation omitted).  This requirement may be satisfied
by:

> (a) reliance on pertinent federal cases employing
> constitutional analysis, (b) reliance on state cases
> employing constitutional analysis in fact like
> situations, (c) assertion of the claim in terms so
> particular as to call to mind a specific right
> protected by the Constitution, and (d) allegation of a
> pattern of facts that is well within the mainstream of
> constitutional litigation.

Id. (citing Daye, 696 F.2d at 194).

"If a habeas applicant fails to exhaust state remedies by
failing to adequately present his federal claim to the state
courts so that the state courts would deem the claim

procedurally defaulted," federal habeas courts "must deem the claim procedurally defaulted."  Id. (citation omitted).  Unless a petitioner can demonstrate "cause for the default and prejudice" or "actual [ ] innocen[ce] of the crime for which he was convicted," dismissal for a procedural default -- unlike dismissal for failure to exhaust state remedies -- "amounts to a disposition of the habeas claim on the merits."  Id. (citation omitted).

     The Report correctly found that many of McDaniel's grounds for his petition were unexhausted but procedurally defaulted because he failed to raise them on appeal.  Pursuant to the Rules of Practice of the New York Court of Appeals, "[a] party shall be deemed to have abandoned any argument made in the intermediate appellate court briefs not addressed or reserved in the letter submission to this Court."  22 N.Y.C.R.R. § 500.11(f).  McDaniel did not raise in his 500.11 Letter to the Court of Appeals his claims that: he was provided with ineffective assistance of counsel because his trial counsel failed to properly argue that the lesser included offense of petit larceny should be submitted to jury; the trial court improperly declined to submit the lesser-included offense of petit larceny to a jury; prejudicial statements made by the prosecution during its summation violated his Due Process rights; the prosecution failed to turn over Rosario materials;

and the evidence was insufficient to show the Display Element.[4]
Insofar as McDaniel's claim that the Appellate Division erred in
using a "subjective" standard to find support for the Display
Element is merely an extension of his challenge to the
sufficiency of the evidence in support of the Display Element,
it is also unexhausted but procedurally defaulted.

Given that a state court would find these claims to be
procedurally defaulted, this Court may only reach the merits if
McDaniel demonstrates: (1) cause for default and actual
prejudice; or, (2) that the failure to consider the claims will
result in a fundamental miscarriage of justice because he is
actually innocent.  Carvajal, 633 F.3d at 104.  McDaniel does
not assert that he can establish either cause and prejudice, or
actual innocence, nor could he.  In order to demonstrate
"cause," McDaniel would need to show "some objective factor
external to the defense" that "impeded counsel's effort to
comply with the State's procedural rule."  Strickler v. Greene,
527 U.S. 263, 283 n.24 (1999) (citation omitted).  McDaniel has
made no such allegation.  Furthermore, McDaniel has not
proffered any new evidence that would establish that he is
actually innocent.  See House v. Bell, 547 U.S. 518, 536–37
(2006).  Therefore, each of these claims is procedurally

---

[4]   McDaniel's 500.11 Letter only listed the insufficiency of
the evidence to show the Display Element in reference to his
ineffective assistance of counsel claim.

defaulted and this Court is barred from reviewing them.  This
Court therefore adopts the Report's recommendation that these
claims be dismissed.

McDaniel's September 13 Letter in response to the Report
acknowledged that some of his claims were not properly
exhausted.  He therefore requested permission that he be allowed
to withdraw his petition so that he could proceed in state court
to exhaust his claims.  This request must be denied.  First, the
Report did not find that any of McDaniel's claims were simply
unexhausted.  Rather, the Report found that the unexhausted
claims were <u>also</u> procedurally defaulted; the state courts would
have found that his failure to raise these arguments on appeal
was a procedural bar to review.  This conclusion was a
disposition of these claims on the merits.  <u>Carvajal</u>, 633 F.3d
at 104.

Furthermore, this request cannot be granted because
McDaniel cannot return to state court to exhaust these claims;
he has already received the one direct appeal to which he is
entitled.  <u>See</u> <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991)
("New York procedural rules plainly bar petitioner from
attempting to raise his . . . claims . . . because he has
already made the one request for leave to appeal to which he is
entitled.").  State court collateral review is also barred since
the claims could have been raised on direct review.  <u>Id.</u>; N.Y.

Crim. Proc. Law § 440.10(2)(c).

II.  Claims Based on State Law

        The Report correctly found that other claims in McDaniel's
petition were not proper for habeas review as these claims arise
out of state law, not a deprivation of federal constitutional
rights.  These claims are that his conviction was against the
weight of the evidence presented at trial; that the prosecution
failed to turn over Rosario materials; and that the Appellate
Division erred in accepting a "subjective" standard to support
the Display Element.

        "It is not the province of a federal habeas court to
reexamine state-court determinations on state-law questions."
Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord
DiGuglielmo v. Smith, 366 F.3d 130, 137 (2d Cir. 2004).
"[F]ederal courts must of course defer to state-court
interpretations of the state's laws, so long as those
interpretations are themselves constitutional." DiGuglielmo,
366 F.3d at 137 (citation omitted).  Deference on state law
matters is accorded even to interpretations announced by
intermediate state courts, id., and through decisions issued "on
direct appeal of the challenged conviction." Bradshaw v.
Richey, 546 U.S. 74, 76 (2005).

        The Appellate Division found that the "[t]he verdict was
based on legally sufficient evidence and was not against the

weight of the evidence." McDaniel, 54 A.D.3d at 577.   Unlike a challenge of the sufficiency of the evidence, a weight of the evidence claim alleges "an error of state law" under N.Y. Crim. Pro. Law § 470.15(5), "for which habeas review is not available." Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citation omitted).

The Bronx County Supreme Court reviewing McDaniel's 440.10 Motion concluded that he had failed to prove that the allegedly withheld Rosario material actually existed and that, even if it had existed, such material had any impact on the outcome of his trial, considering the other evidence.   Rosario claims are not subject to federal habeas review "because they are based solely on state law." Shomo v. Zon, No. 05 Civ. 10337 (JFK), 2008 WL 2981555, * 10 n.5 (S.D.N.Y. Aug. 01, 2008).

The Appellate Division also held that

> The People proved beyond a reasonable doubt that
> defendant displayed what appeared to be a firearm.  As
> defense counsel's own pre-charge comments make clear,
> the victim's demonstrations during her testimony
> established that defendant made an objective display
> that could reasonably be perceived as of a firearm and
> that the victim actually perceived that display.

McDaniel, 54 A.D.3d at 577-78.   It is not the place of a federal habeas court to determine if a New York court's construction of New York penal law is correct. Ortiz v. N.Y.S. Parole in Bronx,

<u>N.Y.</u>, 586 F.3d 149, 157 (2d Cir. 2009).[5]

This Court is "not empowered to second-guess th[ese] ruling[s]" and McDaniel has not demonstrated a "proper basis for federal habeas relief." <u>DiGuglielmo</u>, 366 F.3d at 137. Therefore, the Report's recommendation that these claims be dismissed because they present only state law claims, not a denial of a federal constitutional right, is adopted.

III. Exhausted Ineffective Assistance of Counsel Claim

Finally, the Report correctly recommends dismissal on the merits of McDaniel's exhausted ineffective assistance of counsel claim based on his trial attorney's alleged failure to preserve at trial his objection to the sufficiency of the evidence of the Display Element. The standard for ineffective assistance of counsel articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), constitutes "clearly established law" under AEDPA. <u>Davis v. Greiner</u>, 428 F.3d 81, 87 n.5 (2d Cir. 2005). Under <u>Strickland</u>'s two-prong test, a defendant must show that his counsel's performance was deficient and that his defense was prejudiced as a result. <u>Strickland</u>, 466 U.S. at 687; <u>accord</u>

---

[5]      As noted above, insofar as McDaniel's claim that the Appellate Division erred in using a "subjective" standard to find support for the Display Element is merely an extension of McDaniel's challenge to the sufficiency of the evidence in support of the Display Element, it is unexhausted but procedurally defaulted.

Morales v. United States, 635 F.3d 39, 43 (2d Cir. 2011).   An
attorney's representation is deficient when it falls "below an
objective standard of reasonableness," as determined by
reference to "prevailing professional norms."   Strickland, 466
U.S. at 687–88.   The prejudice prong of the Strickland request
requires a "showing that counsel's errors were so serious as to
deprive the defendant of a fair trial," and that "there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id. at 687, 694.

McDaniel has failed to show that his counsel's failure to
preserve at trial his objection to the sufficiency of the
evidence of the Display Element was prejudicial.
Notwithstanding any failure to preserve, the Appellate Division
addressed the merits of this argument, and found that there was
sufficient evidence to support the Display Element.   It is
therefore not reasonably probable that the outcome of McDaniel's
state proceedings would have been different had his trial
attorney preserved this argument.[6]   The Report's recommendation
that McDaniel's exhausted ineffective assistance of counsel
claim be dismissed is also adopted.

---

[6]      Having failed to find any prejudice, the alleged deficiency
of McDaniel's counsel's performance need not be considered.   See
Strickland, 466 U.S. at 697.

McDaniel asserts that his counsel's failure to preserve this argument affected the outcome of his case because had the argument been raised at trial, "the trial judge would have been legally obliged to have granted the motion for a trial order of dismissal with respect to the first-degree robbery charge." McDaniel provides no legal support for his assertion that the trial judge would have any legal obligation merely if the argument had been raised.  Indeed, because the Appellate Division treated this argument as preserved and, in addressing the merits, found that the evidence supporting the Display Element was sufficient, there is no basis for finding that, but for his counsel's failure to preserve this argument, there is a reasonable probability that the outcome of his case would have been different.


CONCLUSION

The petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  McDaniel has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).  Although

20

McDaniel has requested an opportunity to withdraw his unexhausted claims, he did not submit written objections addressing any of the Report's reasons why his claims, including those that were unexhausted but procedurally defaulted, should be dismissed.  This precludes appellate review as to any of the grounds for dismissal.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).  The Clerk of Court shall dismiss this petition and close the case.

Dated:    New York, New York
          November 22, 2011

                              _____
                              DENISE COTE
                       United States District Judge

COPIES SENT TO:

Jermar R. McDaniel
# 05-A-2486
Elmira Correctional Facility
P.O. Box 500
New York, NY 14902-0500

T. LaValley, Superintendent
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Robert T. Johnson
District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451

Office of the N.Y. State Attorney
General
Attn: Habeas Unit
120 Broadway
New York, NY 10005

Magistrate Judge Francis